## Charles Gibson, Appellee, v. Wasson Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 28, 1914. Rehearing denied October 28, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Charles Gibson against the Wasson Coal Company to recover for personal injuries sustained by plaintiff while employed in defendant's mine. The declaration charged defendant with a violation of its duty under clause 4 of section 21 of the Miners' Act (J. & A. ¶ 7495) in substance, as follows:

That on a certain day the defendant was operating a coal mine in the county of Saline in which there were entries, and one entry in particular being the second north entry off of the main east entry; that plaintiff was employed by defendant in said mine as a machine runner, operating a machine undercutting coal in said entry. That it was the duty of defendant to employ a competent mine examiner and cause him to visit

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

said mine and make a careful examination of all places where plaintiff was expected to pass or work, observe whether there were any unsafe conditions in the rooms or roadways, and when any unsafe condition was observed in a working place to place a conspicuous mark thereat as notice to all men to keep out, and report his findings to the mine manager; said examination to be made each morning before permitting the men to enter the mine to work therein.

That on said day plaintiff was running a machine in the said entry, and therein was a pile of gob four feet wide, three feet high, extending from the right rail of the track in said entry to the right rib of coal, located about eight feet from the face of the coal; that said gob formed an unsafe condition in plaintiff's working place in that lumps of coal could roll therefrom into the frame of said machine, and also by reason of its being located so near the face of the coal as not to leave a clear space sufficient between the pile of gob and the face of the coal for the reasonably safe operation of said machine; that said unsafe condition could have been discovered by said mine examiner upon a reasonably careful examination on the morning of the day of the injury.

That defendant wilfully failed to cause said examiner to visit and inspect plaintiff's said working place and observe said unsafe condition and place a conspicuous mark thereat as a notice to plaintiff to keep out, and report his findings to the mine manager, and make a daily report in a book kept for that purpose. That defendant failed to cause the mine manager to visit and examine said working place on that morning or as often as practicable for some time prior thereto and failed to see that said dangerous place was properly marked and danger signals displayed thereat.

That while the plaintiff was operating the machine at his working place in the usual course of his employment on the day aforesaid by reason of defend-

ant's wilful failure aforesaid, a lump of coal rolled off of said pile of gob into and through the frame of said machine and came in contact with plaintiff's foot, threw him against and into the bits of said machine and his leg was cut off about four inches below the knee and otherwise injuring him, and alleging damages in the amount of $1,999.99.

To these four counts of the declaration, the plea of the general issue was filed. Plaintiff had a verdict and judgment for $1,350. To reverse the judgment, defendant appeals.

Whitley & Combe, for appellant; Mastin & Sherlock, of counsel.

W. F. Scott, for appellee.

Mr. Justice Harris delivered the opinion of the court.

## Abstract of the Decision.

1. Mines and minerals, § 175*—*when finding as to proximate cause of injury sustained by evidence.* In an action for personal injuries sustained by a miner alleged to have been caused by failure of the mine examiner to mark a pile of gob as dangerous, *held* that the question whether the violation of the statute was the proximate cause was properly submitted to the jury, and that the verdict for plaintiff was sustained by the evidence.

2. Trial, § 197*—*what considered in ruling on motion for directed verdict.* On motion for a directed verdict in favor of defendant, the court cannot consider inconsistent statements made by witnesses out of court.

3. Trial, § 216*—*matters considered in ruling on motion for directed verdict.* It is not for the court, upon a motion for a directed verdict, to weigh the evidence and determine where the preponderance lies.

4. Mines and minerals, § 185*—*direction of verdict.* In determining whether it should be submitted to the jury as a question of fact that the violation of a mining statute was the proximate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cause of an injury, the court is governed by the same rule of law as applies to any other material issue.

5. MINES AND MINERALS, § 153*—*when testimony of mine examiner inadmissible.* In an action to recover for personal injuries sustained in a mine, alleged to have been caused by failure of the mine examiner to mark the unsafe condition of the mine, where the mine examiner was asked the question: "Tell the jury now what condition you found that entry in as to being safe or otherwise," *held* that an objection to the question was properly sustained for the reason that to permit the witness to give his opinion on such matter would improperly usurp the functions of the court and jury.

6. NEGLIGENCE, § 250*—*when modification of instruction harmless.* A modification of an instruction on the question of proximate cause by striking out the word "direct" and inserting the word "proximate," *held* not error, it also appearing that the party complaining had the benefit of the word "direct" in its other instructions given.